516 F.2d 746
 170 U.S.App.D.C. 153, 10 P.U.R.4th 478
 PUBLIC SERVICE COMMISSION FOR the STATE OF NEW YORK, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
Atlantic Richfield Co., Mobil Oil Corporation, The United
Distribution Companies, Associated Gas Distributors,
Continental Oil Company, Superior Oil Company, Humble Oil
and Refining Co., American Public Gas Association, Shell Oil
Company, Union Oil Company of California, Gulf Oil
Corporation, Texaco, Inc., General American Oil Company of
Texas, Ashland Oil Inc., Forest Oil Corporation, Callery
Properties, et al., Inc., Sun Oil Company, State of Texas,
Amerada Hess Corporation, Marathon Oil Company, Skelly Oil
Company, California Company, Puenticitas Oil Company, Hunt
Oil Company, et al., Cities Service Oil Company, Sohio
Petroleum Company, Phillips Petroleum Company, Tenneco Oil
Company, and Blanco Oil Company, Intervenors.
MOBIL OIL CORPORATION, Petitioner
v.
FEDERAL POWER COMMISSION, Respondent,
Gulf Oil Corporation, Shell Oil Company, Humble Oil and
Refining Company, Skelly Oil Company, Puenticitas Oil
Company, the California Company, Cities Service Oil Company,
Texaco, Inc., Atlantic Richfield Co., Tenneco Oil Co., and
Phillips Petroleum Co., Intervenors.
GULF OIL CORPORATION, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company, Intervenor.
SOHIO PETROLEUM COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company and Gulf Oil Corporation, Intervenors.
CONTINENTAL OIL COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company and Gulf Oil Corporation, Intervenors.
HUMBLE OIL AND REFINING COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
Continental Oil Company, Associated Gas Distributors, Sun
Oil Company, Cities Service Oil Company, the
California Company, and United
Distribution Companies, Intervenors.
SHELL OIL COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company and United Distribution Companies,
Intervenors.
The SUPERIOR OIL COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company, Cities Service Oil Company, and
United Distribution Companies, Intervenors.
The CALIFORNIA COMPANY, a Division of Chevron Oil Company, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
Pennzoil Producing Company, Intervenor.
TEXACO, INC., Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company and Getty Oil Company, Intervenors.
AMOCO PRODUCTION COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company, Intervenor.
AMERADA HESS COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Company, Intervenor.
PHILLIPS PETROLEUM COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The United Distribution Companies, Intervenor.
HUNT OIL COMPANY et al., Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.
 Nos. 71-1828, 71-1836, 71-1911, 71-1913, 71-1930, 71-1988 to
71-1991, 71-2015, 71-2020, 71-2025, 71-2055, 72-1071.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 3, 1975.
Decided July 24, 1975.
 
 Richard A. Solomon, Washington, D. C., for petitioner in No. 71-1828. Peter H. Schiff, Gen. Counsel, Public Service Commission of the State of New York, Albany, N. Y., and Michael H. Rosenbloom, Washington, D. C., were on the memorandum for petitioner in No. 71-1828.
 Thomas G. Johnson, Houston, Tex., with whom William G. Riddoch and William A. Wood, Jr., Houston, Tex., were on the memorandum for petitioner in No. 71-1989 and intervenor Shell Oil Co.
 Carroll L. Gilliam, Washington, D. C., with whom Philip R. Ehrenkranz, Washington, D. C., Tom P. Hamill, Houston, Tex., and Robert D. Hayworth, were on the memorandum for petitioner in No. 71-1836 and intervenor Mobil Oil Corp.
 John R. Staffier, Atty., Federal Power Commission, with whom Drexel D. Journey, Acting Gen. Counsel and George W. McHenry, Jr., Sol., Federal Power Commission, were on the memorandum for respondent.
 
 
 1
 Martin N. Erck and Paul W. Wright, Houston, Tex., were on the memorandum for petitioner in No. 71-1988 and intervenor Exxon Corp.
 
 
 2
 David G. Stevenson, Tulsa, Okl., was on the memorandum for petitioner in No. 71-2025 and intervenor Amerada Hess Co.
 
 
 3
 William H. Emerson, Tulsa, Okl., was on the memorandum for petitioner in No. 71-2020.
 
 
 4
 Tom Burton, Houston, Tex., was on the memorandum for petitioner in No. 71-1930 and intervenor Continental Oil Co.
 
 
 5
 Justin R. Wolf, Washington, D. C., was on the memorandum for petitioner in No. 71-1991 and intervenor, The California Co., a Division of Chevron Oil Co.
 
 
 6
 Warren M. Sparks and B. James McGraw, Tulsa, Okl., were on the memorandum for petitioner in No. 71-1911 and intervenor Gulf Oil Corp.
 
 
 7
 Robert W. Henderson and Paul W. Hicks, Dallas, Tex., were on the memorandum for petitioners in No. 72-1071 and intervenor Hunt Oil Co., and others.
 
 
 8
 John L. Williford, Bartlesville, Okl., was on the memorandum for petitioner in No. 71-2055 and intervenor, Phillips Petroleum Co.
 
 
 9
 Richard F. Remmers, Oklahoma City, Okl., was on the memorandum for petitioner in No. 71-1913 and intervenor Sohio Petroleum Co.
 
 
 10
 H. W. Varner, Pat F. Timmons, Houston, Tex., and Scott P. Anger, Washington, D. C., were on the memorandum for petitioner in No. 71-1990 and intervenor The Superior Oil Co.
 
 
 11
 Kirk W. Weinert, C. Fielding Early, Jr., and Roger L. Brandt, Houston, Tex., were on the memorandum for petitioner in No. 71-2015 and intervenor Texaco, Inc.
 
 
 12
 John T. McMahon, New Orleans, La., were on the memorandum for intervenor Ashland Oil Inc.
 
 
 13
 Edward J. Kremer and Charles E. McGee, Washington, D. C., were on the memorandum for intervenor Atlantic Richfield Co.
 
 
 14
 Richard F. Generelly, Washington, D. C., was on the memorandum for intervenors Callery Properties Inc., and others, Forest Oil Corp. and General American Oil Co. of Texas.
 
 
 15
 Sam Riggs, Jr., Tulsa, Okl., was on the memorandum for intervenor Cities Service Oil Co.
 
 
 16
 William A. Sackman, was on the memorandum for intervenor Marathon Oil Co.
 
 
 17
 Cecil N. Cook, Houston, Tex., was on the memorandum for intervenor Puenticitas Oil Co.
 
 
 18
 Ronald J. Jacobs and David C. Henri, Tulsa, Okl., were on the memorandum for intervenor Skelly Oil Co.
 
 
 19
 Stanley R. Morley, was on the memorandum for intervenor Sun Oil Co.
 
 
 20
 Kenneth L. Riedman, Jr., Los Angeles, was on the memorandum for intervenor Union Oil Co. of California.
 
 
 21
 Frederick Moring, Washington, D. C., was on the memorandum for intervenor Associated Gas Distributors.
 
 
 22
 John E. Watson entered an appearance for intervenor Tenneco Oil Co.
 
 
 23
 Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and RICHEY,* United States District Judge for the United States District Court for the District of Columbia.
 
 
 24
 Opinion for the Court filed by Circuit Judge LEVENTHAL.
 
 LEVENTHAL, Circuit Judge:
 
 25
 Our first opinion in this case, issued on August 24, 1973,[1] vacated the order of the Federal Power Commission in the Texas Gulf Coast Area case (Opinion No. 595) and remanded for further proceedings. Petitions for certiorari were filed by several parties. On June 17, 1974, the Supreme Court issued a mandate[2] vacating our judgment and remanding the case for further consideration in light of Mobil Oil Corp. v. FPC, 417 U.S. 283, 94 S.Ct. 2328, 41 L.Ed.2d 72 (1974). That opinion does not impose an obligation to affirm. However, it has given some of the matters that troubled us in 1973 a different perspective. This is how the matter now stands.
 
 
 26
 1. An increase in the base rate made in order to encourage exploration by producers in a time of extreme supply shortages may be valid, assuming the ultimate rate is within the zone of cost data, even though the amount of increased supply ascribable to the rate increase cannot be precisely quantified.
 
 
 27
 2. A rate order can be upheld even though it contains certain provisions that, taken by themselves, have discriminatory aspects, provided that the rate as a whole demonstrates an overall balance of effects and purposes that is in furtherance of the public interest. This appears in the Supreme Court's rejection of the contention that the Southern Louisiana rate structure discriminated against producers who had eliminated most of their refund obligation. As to possible discrimination against new entrants, the Supreme Court found that there was sufficient evidence that they would not be dissuaded from entering the interstate market in natural gas.
 
 
 28
 Our 1973 decision's assumption that the order would in fact have discriminatory effects, was based on the premise that the incentive provisions would come into effect. But it is now conceded by all parties that the contingent escalation incentive provisions will not be triggered. The first escalation is dependent upon the dedication to the interstate market of 4,000 Bcf of gas by January 1, 1976, but only 79 Bcf had been dedicated as of January, 1975. As to the refund workoff provisions, only approximately $100,000 of the $16 million obligation in the Texas area has been worked off. Theoretically, further reductions could be in progress, but producers who are intending to use the workoff provisions have an incentive to report reductions promptly because the refunds carry interest until worked off.
 
 
 29
 In evaluating the actual impact of the incentive provisions, we cannot escape the significance of the fact that the provisions were promulgated in the context of base rates of 19 cents per Mcf for flowing gas and 24 cents for new gas. The FPC has since ruled, in Opinion No. 699, that reserves dedicated pursuant to the new national rate of 50 cents, established by Opinion 699, cannot also qualify to discharge refund obligations or trigger contingent escalations under Opinion No. 595. We understand from the parties that the validity of this provision is being challenged by certain producers in a petition to review Opinion No. 699 that is before another court, and we are not ruling on any question raised by that proceeding. However, we think it appropriate that the issue of possible discriminations caused by the 595-type incentive provisions in the context of nationwide rates be reviewed by a court that has Opinion No. 699 as a whole before it, including the issue whether the incentive provisions in 595 are required to be added, and would be valid if superadded, to the incentives of a 50-cent nationwide rate.
 
 
 30
 3. We are left with a situation in which all parties concerned, save one, agree that there is no public interest to be served through remand to the Commission at this time, even assuming that there are technical defects in its Order.[3] The only banner of protest still being waved is that of Mobil Oil, contending that we should review the issue of the discriminatory impact of the incentive provisions notwithstanding their limited practical impact. But Mobil admits that its purpose in attacking these provisions is not so much to remedy discriminations among producers and among consumers which is our fundamental concern in entertaining a complaint that rates are discriminatory but to remove these provisions from the order so that it can call on the FPC to increase its base rates.
 
 
 31
 While Mobil has technical standing to present contentions showing that the order as issued is not valid and in the public interest, we think the public interest in this case counsels against, rather than in favor of, invalidating an order on the ground of possible discriminations when those who would be hurt by them do not complain or have no legal case. 28 U.S.C. § 2106 (1970). Mobil's position that the returns that it obtains under Opinion No. 595 are unreasonably low has already been rejected by this court, and the Supreme Court's decision in Mobil Oil only reinforces that assessment.
 
 
 32
 A court has some latitude to act on equitable principles and overall public interest, and to affirm an administrative order, on the basis of discernible present impact, despite the possibility of infirmity in future application and impact. This is to some extent evident from the Mobil opinion itself. See 417 U.S. at 324, 94 S.Ct. 2328. The same principle was glimpsed in the Permian Basin Area Rate Cases, 390 U.S. 747, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968), where the Court, identifying certain problems, said that these could be worked out over time and did not require reversal of the entire area rate proceeding. When a proceeding has been long-continued, the court may abstain from reversing an order at a late hour on a point that might have led to reversal at an earlier stage. Compare Trans World Airlines, Inc. v. CAB, 128 U.S.App.D.C. 126, 147-48, 385 F.2d 648, 669-70 (1967), cert. denied, 390 U.S. 944, 88 S.Ct. 1029, 19 L.Ed.2d 1133 (1968).
 
 
 33
 This disposition makes it unnecessary for us to consider whether, if we had had the instruction of the Mobil opinion before us in the first instance, we would have written the opinion that we filed in August of 1973. The actual impact of the order has been shown to be very different from what we contemplated. Since the FPC's incentive order has not materialized in substantial impact, our concern with its discriminatory aspects has likewise dissipated. In matters of administrative regulation, "a month of experience (may) be worth a year of hearings." American Airlines, Inc. v. CAB, 123 U.S.App.D.C. 310, 319, 359 F.2d 624, 633, cert. denied, 385 U.S. 843, 87 S.Ct. 73, 17 L.Ed.2d 75 (1966).
 
 
 34
 The petitions to set aside Order No. 595 are hereby denied.
 
 
 35
 So ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 292(a)
 
 
 [1]
 Public Service Commn. v. FPC, 159 U.S.App.D.C. 172, 487 F.2d 1043
 
 
 [2]
 417 U.S. 964, 94 S.Ct. 3167, 41 L.Ed.2d 1136
 
 
 [3]
 In answer to a direct question on this point, the Public Service Commission for the State of New York stated that it was willing to withdraw its petition to review, provided it would remain a party intervenor in Mobil Oil Corporation's petition for review