The STATE OF TEXAS

v.

The UNITED STATES of America By and Through the COMMUNITY SERVICES ADMINISTRATION, et al.

v.

The ZAVALA COUNTY ECONOMIC DEVELOPMENT CORPORATION et al.

Civ. A. No. A–76–CA–182.

United States District Court,
W. D. Texas,
Austin Division.

Oct. 28, 1976.

R. Steve Bickerstaff, Jr., Asst. Atty. Gen., Austin, Tex., for plaintiffs.

A. Carl Pierce, Asst. U. S. Atty., San Antonio, Tex., for the U. S., et al.

Phillip D. Hardberger, Hardberger, Branton & Herrera, Inc., San Antonio, Tex., for Intervenors, Zavala County Economic Development Corp., et al.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

The above styled cause came for hearing on Plaintiff's motion for preliminary injunction and advanced and consolidated trial on the merits on October 22, 1976. The Court, having carefully considered all the evidence, the briefs and the argument in the case, is of the Opinion that declaratory relief should be granted and that an injunction should issue.

The material facts in this case are not contested. On May 25, 1976, the Office of Economic Development of the Community Services Administration (CSA) received an application from Zavala County Economic Development Corporation (ZCEDC) for financial assistance pursuant to Title VII of the Community Services Act of 1974, 42 U.S.C. § 2981, et seq. The grant application contained no evidence that it had been submitted to appropriate state and local clearinghouses for review and comment as required by Title IV of the Intergovernmental Cooperation Act of 1968, 42 U.S.C. § 4201, et seq. and by rules and regulations prescribed under the Act by the Office of Management and Budget (OMB) in OMB Circular A-95. The CSA accepted the application and did not return it to ZCEDC for compliance with A-95 nor did the CSA notify the State of Texas or local, Texas public entities that the application for financial assistance had been submitted.

CSA approved the grant application and awarded a grant (No. 60141–F–76–02) of $1,500,000 to ZCEDC on August 11, 1976. The State of Texas first received notice of the application and grant when The Governor of Texas received a letter on August 16, 1976, notifying him that the grant already had been made. Governor Briscoe immediately notified The President of the United States that the grant had been made in violation of OMB Circular A-95.

Notwithstanding this telegram, on August 20, 1976, a letter of credit for $1.5 million was issued pursuant to the grant. Additional correspondence and communications between the State of Texas and agencies of the United States failed to result in suspension of the financial assistance.

Under the letter of credit and applicable CSA instructions and regulations, funding pursuant to the grant essentially is divided between administrative expenses and money for capital investment. Funds to pay administrative expenses total approximately $500,000 for the twenty-four (24) month term of the grant. Funds for capital investment total $996,058. ZCEDC has withdrawn funds for administrative expenses in the sum of $120,000. On October 1, 1976, this Court issued a temporary restraining order preventing further disbursement of funds under the Grant. The TRO was extended by this Court to October 22, 1976. No funds have been withdrawn since issuance of the TRO.

Plaintiff, State of Texas, seeks a declaration that the federal Defendants failed to comply with the requirements of OMB Circular A-95 in accepting and approving the application for federal aid to the Defendant-Intervenor, Zavala County Economic Development Corporation, and that the grant is therefore void. Plaintiff also seeks to enjoin the federal Defendants from distributing any funds until a grant has been approved in accordance with all of the required procedures, to enjoin ZCEDC from expending any funds obtained pursuant to the grant, and to require ZCEDC to return all funds already withdrawn under the grant. The Defendant-Intervenors contend that this grant was exempt from the A-95 review procedures, and therefore, there was no violation of Federal law or regulations in

connection with the grant in question, and furthermore, that even if the A-95 review procedures should have been applied to the grant, this case is not one in which injunctive relief should be granted.

■ The Court finds that no exemption to A-95 review procedures was made possible for the grant in question by the 1976 amendments to A-95. 41 Fed.Reg. 2061 (January 13, 1976). Although the Community Services Administrations was authorized by the modifications to A-95 to issue rules and regulations which provide exemptions to certain grants made by the Community Services Administration, these exemptions to A-95 review did not become effective until July 2, 1976, when the CSA published its final A-95 review regulations. Since the application for the grant in question was filed prior to the effective date of these amended regulations, it must be governed by the regulations in effect at the time it was filed, and therefore, it cannot benefit from an exemption to A-95 review that became effective on July 2, 1976. Furthermore, the exemption to A-95 review, which became effective on July 2, 1976, was predicated upon the theory that certain operational grants should be exempt from A-95 review because the planning grants, which preceded the operational grant, had been subject to A-95 review. Since in the instant case the planning grants that preceded the operational grant were not subject to A-95 review, the regulations providing operational grants exemption from A-95 review should not be effective to exempt this grant from A-95 review. If the regulations were construed so as to exempt the grant in question from A-95 review, it would result in a situation where the grants to ZCEDC were never subject to A-95 review, and this result would be clearly contrary to the purposes and policies of the Intergovernmental Cooperation Act. Thus, this Court finds that the grant in question was not exempt from A-95 review procedures, and that the grant application and grant were made in violation of A-95 review procedures.

■ Because this Court has the authority to review the action of the Community Services Administration in making the grant in question, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, the relief that can be granted because the grant was made in violation of proper administrative procedures is controlled by 5 U.S.C. § 706. § 706 provides, in pertinent part, that:

> The reviewing court shall . . .
> (2) hold unlawful and set aside agency action . . . found to be—
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . .
>> (D) without observance of procedure required by law; . . .

Thus, this Court has the power under § 706 to declare the grant void and set it aside in its entirety. It has been held, however, that despite the language of § 706, a court has the power to take equitable factors into consideration in determining what type of relief to grant for violations of proper administrative procedures. *Rodway v. United States Department of Agriculture,* 168 U.S. App.D.C. 387, 514 F.2d 809 (1975); *Public Service Commission for the State of New York v. Federal Power Commission,* 170 U.S.App.D.C. 153, 516 F.2d 746 (1975). Thus a Court can, as a matter of equity, grant a remedy that is less drastic than that of voiding the action in question. In the instant case, the Court, balancing the interests of all the parties, will not void the entire grant, but will grant injunctive relief of a less drastic measure.

In light of the findings of this Court and in accordance with the request of the Plaintiff, the Court will adjudge and declare that the federal Defendants considered and approved the grant application of ZCEDC without notifying the applicant that it should have submitted the application to appropriate state and local reviewing bodies, and that the federal Defendants approved the grant application without requiring that it be reviewed by the appropriate state and local reviewing bodies. In the interest of justice, however, the Court will

refuse to adjudge and declare that the grant is void and of no effect. Furthermore, the Court will not issue an injunction restraining the federal Defendants from providing any funds under the grant until a new application is submitted and processed. A limited injunction, however, is appropriate in this case so that the Plaintiff will not suffer irreparable injury and so that Plaintiff's interest in coordinating its actions with those of the federal government will be protected. The Court finds that the Plaintiff, State of Texas, will suffer irreparable injury unless the federal government and the Zavala County Economic Development Corporation are enjoined from spending any federal funds under this grant for a period of sixty (60) days, so that the State and local reviewing agencies will be able to review and comment effectively upon the grant in question. Unless the State and local reviewing agencies are given an opportunity to comment upon federal grants that are made in violation of A-95 procedures for local and state review, the policies and purposes of the Intergovernmental Cooperation Act will be completely vitiated and the Plaintiff's interest in coordinating its activities with local and federal agencies will be significantly harmed. The Defendants-Intervenors have contended that any injury to the Plaintiff would be outweighed by the harm that would be caused to ZCEDC if an injunction were to issue and that any injunction would be adverse to the public interest. The Court has considered these contentions and rejects them. Although the ZCEDC may, in fact, suffer some injury because of the sixty (60) day suspension of any expenditure of federal funds, it is clearly within the public interest and the State's interest that Plaintiff be afforded the rights that are granted to it under the Intergovernmental Cooperation Act and the regulations and review procedures promulgated pursuant to it. Unless a state can effectively enforce its right to review and comment upon grant applications and grants made by the federal government, the whole purpose and policy of the Intergovernmental Cooperation Act would be violated, and there would be no effective means of assuring that there is the requisite coordinating, communication, and cooperation between local, state and federal agencies. Thus, there is an overriding public interest, as expressed by the policies set forth in the Intergovernmental Cooperation Act, that there be cooperation between the federal and state agencies and that this cooperation through review and comment on federal grants be effective. Thus, although some inconvenience may occur to ZCEDC because of the injunction against any expenditure of federal funds so that the Plaintiff may have an effective right to review and comment on the grant in question, this injury is outweighed by the harm that would occur if the State were denied an effective and efficient means of enforcing its right to review and comment on the actions of federal agencies pursuant to A-95. The Court finds that, balancing the equities in this case and considering the injury that might occur to all parties, it is in the interest of justice that a sixty (60) day injunction be entered.

According it is

ORDERED, ADJUDGED and DECLARED that Defendants, United States of America, by and through the Community Services Administration, and Samuel Martinez, in his capacity as Director of the Community Services Administration, and Louis Ramirez, in his capacity as Associate Director, Office of Economic Development, considered and approved the grant application of the Zavala County Economic Development Corporation without notifying ZCEDC that it must submit the application to appropriate state and local reviewing bodies;

ORDERED, ADJUDGED and DECLARED that Defendants United States of America, by and through the Community Services Administration, and Samuel Martinez, in his capacity as Director of the Community Services Administration, and Louis Ramirez, in his capacity as Associate Director, Office of Economic Development, approved the grant application without requiring that the application be reviewed by

appropriate state and local reviewing bodies; and

ORDERED, ADJUDGED and DECREED that all Defendants and all Defendants-Intervenors are enjoined from expending any federal funds received or provided pursuant to the grant in question for a period of sixty (60) days from the date of entry of this order, so that the State of Texas and local reviewing agencies will have sixty (60) days in which to review and comment upon the grant in question. This Memorandum Opinion and Order shall constitute findings of fact and conclusions of law.